2024 IL App (1st) 230996-U

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

FIRST DIVISION
March 4, 2024

No. 1-23-0996

---

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

---

| | | |
|---|---|---|
| PROXY SAUNDERS, as Independent Administrator for the Estate of Yvette Saunders, Deceased, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal from the |
| SYMPHONY BEVERLY, LLC, an Illinois Limited | ) | Circuit Court of |
| Liability Company d/b/a Symphony at 87th Street, | ) | Cook County. |
| MAESTRO CONSULTING SERVICES, LLC, an Illinois | ) | |
| Limited Liability Company, LIFELINE AMBULANCE, | ) | No. 19 L 9473 |
| LLC, an Illinois Limited Liability Company, OAK | ) | |
| LAWN RESPIRATORY AND REHABILITATION | ) | The Honorable |
| CENTER, LLC, an Illinois Limited Liability Company, | ) | Karen L. O'Malley, |
| INFINITY HEALTHCARE MANAGEMENT, LLC, an | ) | Judge Presiding. |
| Illinois Limited Liability Company, OAK LAWN | ) | |
| REALTY, LLC, an Illinois Limited Liability Company, | ) | |
| VALERIE PERKOVIC, and AMBREN QURESHI, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| (Lifeline Ambulance, LLC, Defendant-Appellee). | ) | |
| . | | |

---

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court. Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The appellate court affirms the trial court's denial of the plaintiff's motion for entry of a judgment, costs, and interest based on defendants' failure to issue settlement checks within 30 days, where the plaintiff had not filed or obtained court approval of a bond by the probate division of the circuit court.

¶ 2    Following the settlement of this case, which involved claims for wrongful death and personal injury of a decedent, the plaintiff, Proxy Saunders, as Independent Administrator for the Estate of Yvette Saunders, Deceased, filed a motion under section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)) seeking entry of judgment, costs, and interest against two settling defendants, Symphony Beverly, LLC, d/b/a Symphony at 87th Street (Symphony), and Lifeline Ambulance, LLC. The trial court denied that motion, reasoning that an order from the probate division approving a bond or other security required to administer the settlement and distribution was necessary before the defendants were required to tender settlement checks to the plaintiff. The plaintiff appeals this order, as well as an order denying a motion to reconsider. We affirm the judgment of the trial court.

¶ 3                                    I. BACKGROUND

¶ 4    In 2019, the plaintiff filed this action in the law division of the circuit court of Cook County against Symphony, Lifeline Ambulance, and nine additional defendants not involved in this appeal. Generally, the third amended complaint at law alleged that, prior to her death, Yvette Saunders had suffered falls and infections while a nursing-home resident at Symphony, which ultimately caused her death. It also alleged that Lifeline Ambulance delayed in transporting her for medical treatment, which also contributed to her injuries and death. The complaint asserted claims for personal injury to Yvette Saunders that survived her death (survival claims), as well as claims on behalf of her husband and next-of-kin under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2018)) (wrongful death claims).

¶ 5    On August 11, 2022, the plaintiff filed a motion to approve a settlement totaling $195,000

(with $100,000 to be paid by Symphony, $40,000 to be paid by Lifeline Ambulance, and $55,000 to be paid by defendant Oak Lawn Respiratory and Rehabilitation Center, LLC). On August 18, 2022, the trial court entered an order approving the settlement as fair and reasonable. However, that order did not adjudicate liens, determine attorney compensation or expenses, or determine the net amounts distributable under the settlement. See Cook County Cir. Ct. R. 6.5(1)(a) (Sept. 29, 2011). Accordingly, the plaintiff later filed a second motion that sought approval of the same settlement and to address these additional matters.

¶ 6        On February 17, 2023, the trial court entered a second order approving the above settlement as fair and reasonable, allowing attorney fees and litigation expenses, and adjudicating the liens and Medicare reimbursement. In that order, the trial court also allocated the settlement equally between the wrongful death claims and the survival claims, and it set forth the distribution of the proceeds for the wrongful death claims according to agreed degrees of dependency. The order also included a provision at paragraph 14 stating as follows:

> "14. This order shall be effective only after the entry in the Probate Division of an order approving the bond or other security required to administer the settlement and distribution provided for in this order. The distribution shall be administered and accounted for in the Probate Division."

Finally, the action was dismissed with prejudice as to all defendants. The trial court retained jurisdiction to enforce the settlement.

¶ 7        On March 21, 2023, the plaintiff filed a motion under section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)), alleging that over 30 days had passed since February 17, 2023, and that the defendants had failed to pay the settlement moneys owed. In the motion, the plaintiff asserted that on October 14, 2022, a signed release had been sent to all defendants along

with a letter from the plaintiff's counsel agreeing to hold the full amount needed to satisfy all claimed liens in his client fund pending resolution of all liens. See *id.* § 2-2301(c)(2)(ii), (d). The motion also asserted that the " 'the court order approving the settlement' " had been entered on February 17, 2023. See *id.* § 2-2301(b). The motion requested entry of judgment in the amount set forth in the release, plus costs and interest. See *id.* § 2-2301(e).

¶ 8        On March 23, 2023, Lifeline Ambulance filed a separate motion requesting that the trial court clarify the whether its order of February 17, 2023, required the defendants to tender settlement checks prior to the plaintiff obtaining an order from the probate division as contemplated by paragraph 14 of that order. The motion by Lifeline Ambulance stated that the plaintiff had not yet taken action in the probate division to finalize the settlement, nor had the probate division entered an order approving the settlement.

¶ 9        On March 30, 2023, the trial court entered an order denying the plaintiff's motion for relief under section 2-2301. That order reiterated that the February 17, 2023, order was effective only after entry in the probate division of an order approving the bond or other security required to administer the settlement and distribution provided for in that order. It further ordered the defendants to tender settlement checks within 30 days after entry of an order in the probate division approving the settlement and distribution, along with the tendering of all settlement documents by the plaintiff.

¶ 10       On April 27, 2023, the plaintiff filed a motion to reconsider the order of March 30, 2023. In pertinent part, the plaintiff argued that section 2-2301 controlled over the procedures adopted by the circuit court of Cook County for the disposition of actions involving wrongful death claims and survival claims. No written response was filed. On May 4, 2023, the trial court entered an order denying the plaintiff's motion to reconsider. That order further directed the plaintiff to

"initial any modifications made to the release" and to "provide a corrected version of the hold harmless letter within seven (7) days." The plaintiff thereafter filed a notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12        On appeal, the plaintiff argues that the trial court erred by denying relief under section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)). The plaintiff argues that the trial court misinterpreted that statute by conditioning the defendants' requirement to tender settlement checks upon the plaintiff's obtaining of an order from the probate division approving a bond or other security required to administer the settlement and distribution. The plaintiff argues that by doing so, the trial court improperly added a requirement not enumerated in the statute.

¶ 13        Preliminarily, Lifeline Ambulance urges this court to affirm on the basis that the record on appeal is insufficient to show that the plaintiff complied with all other requirements of section 2-2301. Specifically, it points out that the order of May 4, 2023, suggests that the plaintiff had failed to submit a finalized release or a hold-harmless letter as of that date. While we agree with Lifeline Ambulance that the record on appeal is likely inadequate to support the full relief requested by the plaintiff, we decline to affirm based on an insufficient record alone. The argument raised by the plaintiff is one that warrants consideration by this court.

¶ 14        The plaintiff's argument implicates principles of statutory interpretation. The primary objective of statutory interpretation is to ascertain and give effect to legislative intent. *Accettura v. Vacationland, Inc.*, 2019 IL 124285, ¶ 11. The most reliable indicator of the legislature's intent is the statutory language itself, given its plain and ordinary meaning. *Id.* In interpreting that statutory language, words and phrases must not be considered in isolation. *Relf v. Shatayeva*, 2013 IL 114925, ¶ 23. Instead, the language of each section of the statute must be examined in light of the statute as a whole and interpreted in conjunction with other statutes touching upon the same or

related subjects. *Id.* (citing *Carter v. SSC Odin Operating Co.*, 2012 IL 113204, ¶ 37). The court may also consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of interpreting the statute one way or another. *Chapman v. Chicago Department of Finance*, 2023 IL 128300, ¶ 28. Issues involving statutory interpretation are reviewed *de novo*. *Id.*

¶ 15     Section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)) establishes procedures for the timely exchange of releases and other documents needed to finalize and pay settlements in personal injury, property damage, wrongful death, and tort actions involving claims for money damages. Subsections (a) through (e) of that statute provide:

> "(a) In a personal injury, property damage, wrongful death, or tort action involving a claim for money damages, a release must be tendered to the plaintiff by the settling defendant within 14 days of written confirmation of the settlement. Written confirmation includes all communication by written means.
>
> (b) In a personal injury, property damage, wrongful death, or tort action involving a claim for money damages in which the law requires court approval of a settlement, the plaintiff shall tender to the defendant a copy of the court order approving the settlement.
>
> (c) In a personal injury, property damage, wrongful death, or tort action involving a claim for money damages in which there is a known third-party right of recovery or subrogation interest (including attorney's liens, healthcare provider liens, or rights of recovery claimed by Medicare, the Centers for Medicare and Medicaid Services, the Illinois Department of Healthcare and Family Services, or private health insurance companies), the plaintiff may protect the third-party's right of recovery or subrogation interest, where applicable, by tendering to the defendant:

(1) A signed release of the attorney's lien.

(2) Either:

    (i) a signed release of a healthcare provider lien; or

    (ii) a letter from the plaintiff's attorney agreeing to hold the full amount of the claimed lien in the plaintiff's attorney's client fund account pending final resolution of the lien amount; or

    (iii) an offer that the defendant hold the full amount of the claimed right to recovery pending final resolution of the amount of the right of recovery; or

    (iv) documentation of any other method of resolution of the liens as agreed by the parties.

(3) Either:

    (i) documentation of the agreement between the plaintiff and Medicare, the Centers for Medicare and Medicaid Services, the Illinois Department of Healthcare and Family Services, or the private health insurance company as to the amount of the settlement that will be accepted in satisfaction of right of recovery; or

    (ii) a letter from the plaintiff's attorney agreeing to hold the full amount of the claimed right to recovery in the plaintiff's attorney's client fund account pending final resolution of the amount of the right to recovery; or

    (iii) an offer that the defendant hold the full amount of the claimed right to recovery pending final resolution of the amount of the right of

recovery; or

(iv) documentation of any other method of resolution of the liens as agreed by the parties.

(d) A settling defendant shall pay all sums due to the plaintiff within 30 days of tender by the plaintiff of the executed release and all applicable documents in compliance with subsections (a), (b), and (c) of this Section.

(e) If, after a hearing, the court having jurisdiction over the parties finds that timely payment has not been made by a defendant pursuant to subsection (d) of this Section, judgment shall be entered against that defendant for the amount set forth in the executed release, plus costs incurred in obtaining the judgment and interest at the rate specified under Section 2-1303 of this Code, calculated from the date of the tender by the plaintiff under subsection (d) of this Section." *Id.* § 2-2301(a)-(e).

¶ 16    The plaintiff argues that, according to the above statutory framework, the defendants' duty to issue settlement checks within 30 days was triggered by the plaintiff's tendering of (1) the executed release, (2) applicable lien documentation, and (3) the order of February 17, 2023, which stated that the settlement is "fair and reasonable and approved." The plaintiff argues that the trial court misinterpreted section 2-2301 by conditioning her right to receive the settlement funds on a fourth requirement, the entry of an order from the probate division approving the bond or other security required to administer and distribute the settlement. The plaintiff argues that nothing in the plain language of section 2-2301 contemplates the approval of a bond or other security as a component of the approval of a settlement. The plaintiff asserts that bond requirements have their place in the *administration* and *distribution* of settlement proceeds in decedents' estates, but conditioning the payment of a settlement on the securing of a bond impermissibly adds a factor to

the enumerated requirements for prompt payment in section 2-2301.

¶ 17       We reject the plaintiff's argument that the trial court erred or misinterpreted section 2-2301 by conditioning the defendants' obligation to pay the settlement funds upon the plaintiff obtaining an order from the probate division approving a bond or other security required to administer the settlement and distribution provided for in its order approving settlement. Although we recognize that section 2-2301 does not expressly address the requirement that a plaintiff acting as the representative of a decedent's estate obtain court approval of a bond prior to receiving the proceeds of a settlement, such requirement is addressed by certain provisions of the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2022)).

¶ 18       Section 2-12(a) of the Probate Act requires that every individual undertaking the duties of a representative shall file in and have approved by the court a bond. *Id.* § 12-2(a). Section 12-5(a) of the Probate Act establishes the amount of that bond, requiring it to be for an amount that is either double or 1½ times the value of the personal estate, depending on the type of surety involved. *Id.* § 12-5(a). Section 12-5(b) of the Probate Act then establishes the requirement for filing and obtaining court approval of a bond reflective of the amount of an anticipated settlement:

> "For the purpose of fixing the amount of the bond, a cause of action for wrongful death of the decedent or for personal injury to the ward is considered of the value of $500, but unless excused by the court from doing so, it is the duty of the representative to file in and have approved by the court a bond for an amount not less than double the amount likely to come into his hands as the proceeds of the judgment or settlement if individuals act as sureties and not less than 1½ times the amount likely to come into his hands as the proceeds of the judgment or settlement if a surety company acts as surety." *Id.* § 12-5(b).

¶ 19       As the representative of a decedent's estate in this case, the plaintiff has a duty under section

12-5(b) of the Probate Act "to file in and have approved by the court a bond for an amount" that, depending on the surety, is either double or 1½ times the amount "likely to come into [her] hands as the proceeds of the *** settlement." *Id.* This requirement is phrased in a way that makes clear that the duty is to file in and obtain court approval of the bond before the settlement proceeds "come into [the representative's] hands." *Id.*

¶ 20        These provisions of the Probate Act have long been part of Illinois law, and we presume that the General Assembly was aware of them in 2014 when it enacted section 2-2301. See *Illinois Native American Bar Ass'n v. University of Illinois by its Board of Trustees*, 368 Ill. App. 3d 321, 327-28 (2006) ("We presume the legislature is aware of all previous enactments when it enacts new legislation."). Further, obtaining an order from the probate division approving a bond or other security in connection with a settlement is not an onerous requirement, and in most cases it can be accomplished well within 30 days of an order otherwise approving the settlement. Accordingly, we do not find this requirement to be inconsistent with either the plain language of section 2-2301 or its purpose of ensuring that settlements are satisfied promptly. The fact that section 2-2301 does not expressly address this topic does not indicate to us that the General Assembly intended that a plaintiff acting as representative of a decedent's estate can receive settlement proceeds without an appropriate bond being approved by the court.

¶ 21        Given this interpretation, we also reject the argument raised by the plaintiff that section 2-2301 is in conflict with the requirements of Rule 6.5 of the Circuit Court of Cook County (eff. Sept. 29, 2011), which sets forth procedures to finalize a settlement in cases involving actions for wrongful death or for personal injury brought by a representative on behalf of a decedent's estate.[1]

---

[1] The role of the probate division in actions for wrongful death or personal injury to a decedent is also addressed in Rule 12.15 of the Circuit Court of Cook County (eff. Sept. 29, 2011).

Rule 6.5(1)(a) contemplates that the judge hearing the case (*i.e.*, in the law division or municipal department) makes the finding approving the settlement as fair and reasonable, as well as other findings concerning liens, attorney fees, and distributions. Cook County Cir. Ct. R. 6.5(1)(a) (eff. Sept. 29, 2011). Rule 6.5(1)(e) and (f) provide as follows:

> "(e) The order approving the settlement \*\*\* shall provide that the amount distributable to the representative appointed by the Probate Division as an asset of the decedent's estate or for distribution under the Wrongful Death Act shall be paid only upon the presentation of an order entered in the Probate Division authorizing the representative to receive the distributable amount and approving the bond or other security required in connection therewith.
>
> (f) Upon the entry of the order approving the settlement \*\*\*, the representative shall file a petition in the Probate Division requesting the entry of an order authorizing the representative to accept the distributable amount and fixing and approving the bond or other security required pursuant to the settlement \*\*\*. A copy of the order of the judge hearing the case shall be attached to the petition." Cook County Cir. Ct. R. 6.5(1)(e), (f) (eff. Sept. 29, 2011).

¶ 22    The above subparagraphs of Rule 6.5 exist in part to ensure that parties settling an action brought by a representative of a decedent's estate comply with the requirement of section 12-5(b) of the Probate Act to obtain court approval of a bond in the requisite amount before such settlement proceeds come into the hands of the representative. 755 ILCS 5/12-5(b) (West 2022). As we have held that this requirement is not inconsistent with section 2-2301, we likewise conclude that Rule 6.5 is not in conflict with the requirements of section 2-2301.

¶ 23    Finally, the plaintiff makes a brief argument in support of treating the portion of the

settlement allocated to the wrongful death claims differently than the portion allocated to the survival claims, for purposes of conditioning payment of the settlement on the probate division's approval of a bond. The plaintiff cites the principle that amounts recovered in actions under the Wrongful Death Act (740 ILCS 180/0.01 *et seq.* (West 2022)) are not true assets of a decedent's estate or subject to the provisions of the Probate Act. See *Carter*, 2012 IL 113204, ¶¶ 39, 42. However, for purposes of applying section 2-2301 of the Code of Civil Procedure (735 ILCS 5/2-2301 (West 2022)), we find no basis for treating portions of a settlement allocated to wrongful death claims differently than portions allocated to survival claims, where all such claims are brought by a plaintiff acting in the capacity of the representative of the decedent's estate under authority derived from the Probate Act. Where a plaintiff relies on the Probate Act as the source of authority to prosecute the claim, the requirements of obtaining court approval of a bond prior to receiving a settlement applies to wrongful death claims. See 755 ILCS 5/12-5(b) (West 2022).

¶ 24                                III. CONCLUSION

¶ 25        For the foregoing reasons, the judgment of the trial court is affirmed.

¶ 26        Affirmed.